CHESTER BREWER, Plaintiff-Appellant, v. NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak, Defendant-Appellee.

First District (6th Division)   No. 1—93—1454

Opinion filed November 12, 1993.—Rehearing denied January 10, 1994.

James N. Vail and Sands & Associates, both of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, M. Elizabeth Bennett, and Sandra K. Macauley, of counsel), for appellee.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff, Chester Brewer, instituted this action pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. §§ 51 through 60 (1989)) seeking recovery for personal injuries sustained by him during the course of his employment with defendant, the National Railroad Passenger Corporation, a/k/a Amtrak. Plaintiff asserted that defendant was negligent in failing to provide him with a safe place to work. Prior to trial, the court dismissed plaintiff's claim with prejudice based upon a settlement agreement reached through counsel for both parties which provided that defendant agreed to pay plaintiff a total of $300,000 and that plaintiff agreed to resign his position with defendant. After the cause had been dismissed with prejudice, plaintiff asserted that he had not known that his resignation was a term of the settlement agreement and that he had never agreed to resign from his position as part of the settlement of his claim. Thereafter, defendant filed a motion to enforce the settlement agreement, and plaintiff moved to vacate the dismissal order which was premised upon the settlement agreement. The trial court denied plaintiff's post-judgment motion and granted defendant's request that the settlement agreement be enforced.

On appeal, plaintiff contends that (1) the trial court lacked jurisdiction to order enforcement of the oral settlement agreement after

the cause had been dismissed with prejudice, and (2) the trial court abused its discretion in ordering that the settlement agreement be enforced because plaintiff never consented to the resignation provision of the settlement.

The record reveals that plaintiff had been employed by defendant since 1976. In August 1986, plaintiff worked as a track inspector and machine operator. While inspecting track on August 19, 1986, plaintiff fell on an area adjacent to the tracks and struck his head on a concrete door. Plaintiff suffered head injuries as well as injuries to his lower back. As a result of the accident, plaintiff was unable to return to work after August 19, 1986, and was advised by his physician that he would need back surgery at a cost of approximately $60,000. In his complaint, plaintiff sought damages for his injuries as well as recovery for medical expenses and lost earnings of at least $25,000 per year plus fringe benefits.

According to the deposition testimony of Dr. Richard Gorski, plaintiff would be able to return to work approximately six months after his back surgery if his duties did not require him to do heavy lifting. Plaintiff's counsel stated at the deposition that plaintiff desired to return to work for the defendant if he could assume lighter duties.

Prior to trial, the court presided over settlement negotiations between the attorneys for plaintiff and defendant. Also present at the settlement conference was Phillip Simmons, defendant's claims agent. Although plaintiff and his wife were in the Daley Center, they were not present in the trial judge's chambers at the time of the negotiations. As a result of this conference, counsel for both parties orally agreed to a settlement under which defendant agreed to pay plaintiff $250,000 plus an additional $50,000 if plaintiff underwent back surgery within six months of the entry of a dismissal order, and plaintiff agreed to resign his position with defendant and to dismiss his claim with prejudice. After the settlement was reached, the trial court dismissed plaintiff's cause of action with prejudice, finding that all matters in controversy had been fully compromised and settled. The order of dismissal was entered February 17, 1993.

The following day, Simmons, defendant's claims agent, mailed releases to plaintiff's counsel in accordance with the agreement reached as a result of the settlement conference. Thereafter, plaintiff advised defendant that he refused to execute the releases because he had not agreed to resign his position and wanted to keep the option of attempting to return to work after he underwent back surgery. On February 26, 1993, within nine days of the dismissal of plaintiff's cause of action, defendant filed a motion to enforce the settlement

agreement and to compel the plaintiff to execute the settlement documents. This motion was supported by the affidavits of Simmons and defendant's attorney which averred that the settlement offer of a total of $300,000 was made on the condition that plaintiff resign his position and that the plaintiff's resignation was a matter of discussion throughout the settlement negotiations.

On March 18, 1993, 29 days after the cause was dismissed, plaintiff brought a motion to vacate pursuant to section 2—1203 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1203). In his post-judgment motion, plaintiff asserted that, although he had agreed to the amount of the cash payments specified in the agreement, he had never agreed to resign his position with the defendant and that he had not authorized his attorney to accept this term as a part of the settlement of his claim. The motion to vacate was supported by the affidavits of plaintiff, plaintiff's wife, and his attorney. Each of these affidavits averred that plaintiff's resignation from his position had not been contemplated as a term of settlement and had not been accepted as part of the agreement orally agreed to by counsel.

Defendant's motion to enforce the settlement and plaintiff's motion to vacate were both called for hearing on April 26, 1993, before the same trial judge who had presided over the settlement conference. Upon consideration of the motions, affidavits, and briefs filed by the parties as well as the arguments of counsel, the trial court denied plaintiff's motion to vacate the dismissal order and granted defendant's motion to enforce the settlement agreement. In ruling on these motions, the trial judge specifically stated that he distinctly recalled the settlement conference and that plaintiff's resignation from his position was raised several times during the negotiations. The judge stated further that he remembered the resignation requirement was a condition of the settlement offer made by defense counsel to plaintiff's attorney, and after leaving the chambers to confer with his client, plaintiff's attorney returned and stated that the defendant's offer was accepted. Plaintiff filed a notice of appeal on April 27, 1993.

We initially address plaintiff's claim that the trial court lacked jurisdiction to order enforcement of the oral settlement agreement after the cause had been dismissed with prejudice.

■ A trial court has the power, under certain circumstances, to summarily enforce a settlement agreement entered into by the parties while their suit is pending before it, and a motion for judgment in accordance with an oral settlement agreement may properly be brought while the matter is still pending before the court. *Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.* (1976), 42 Ill. App. 3d 865, 868, 356 N.E.2d 837.

Plaintiff asserts that the court did not have jurisdiction to enforce the settlement agreement after the entry of the dismissal order because the cause was no longer pending before the court. In support of this argument, plaintiff relies upon a footnote in the decision of *Brigando v. Republic Steel Corp.* (1989), 180 Ill. App. 3d 1016, 536 N.E.2d 778, where the court indicated that a trial court lacks authority to enforce a settlement agreement after the cause has been dismissed. (*Brigando*, 180 Ill. App. 3d at 1021 n.1.) This footnote was cited with approval in *Hopkins v. Holt* (1990), 194 Ill. App. 3d 788, 797, 551 N.E.2d 400.

We observe that the principles set forth in the footnote in the *Brigando* decision are not controlling in the instant case, where the opposing party has filed a post-judgment motion to vacate pursuant to section 2—1203 of the Code of Civil Procedure. Ill. Rev. Stat. 1991, ch. 110, par. 2—1203.

■ It is established that a trial court retains jurisdiction over cases pending before it until such time as a final judgment is entered in the case and the litigation is effectively terminated between the parties in the trial court, and the trial court has the authority to hear post-judgment motions to vacate, modify, rehear, or grant other relief from the final judgment order within 30 days after the entry of the judgment. (Ill. Rev. Stat. 1991, ch. 110, pars. 2—1202, 2—1203; *Brigando*, 180 Ill. App. 3d at 1020.) By filing his motion to vacate under section 2—1203, plaintiff invoked the court's jurisdiction and challenged the order of dismissal which was predicated upon the settlement agreement. Thus, the validity of the settlement agreement was properly brought before the court, and we do not believe that the trial court was without jurisdiction to consider defendant's motion to enforce the settlement agreement or to grant the relief requested therein.

We next consider plaintiff's contention that the trial court abused its discretion in ordering that the settlement agreement be enforced. Plaintiff's argument is premised upon the assertion that an attorney employed to prosecute or defend a suit has no authority to compromise, to give up any right of his client, or to consent to judgment against his client without the express consent or authorization of that client. *Danziger v. Pittsfield Shoe Co.* (1903), 204 Ill. 145, 149, 68 N.E. 534; *Kazale v. Flowers* (1989), 185 Ill. App. 3d 224, 227, 541 N.E.2d 219; *City of Des Plaines v. Scientific Machinery Movers, Inc.* (1972), 9 Ill. App. 3d 438, 444, 292 N.E.2d 154.

■ Yet, an attorney's statements may bind the client to a settlement agreement where the client later claims to have misunderstood the terms of the settlement, particularly where the

settlement was made in open court or in the presence of the client. (*In re Marriage of Clarke* (1990), 194 Ill. App. 3d 248, 252, 550 N.E.2d 1220; *Szymkowski v. Szymkowski* (1982), 104 Ill. App. 3d 630, 633, 432 N.E.2d 1209; *Sheffield Poly-Glaz, Inc.*, 42 Ill. App. 3d at 868-69.) An oral agreement to settle will be enforced as long as there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement. (*Kalman v. Bertacchi* (1978), 57 Ill. App. 3d 542, 547, 373 N.E.2d 550; *Sheffield Poly-Glaz, Inc.*, 42 Ill. App. 3d at 868-69.) A unilateral mistake or misunderstanding is not sufficient to compel rescission of a settlement agreement where counsel for the parties had accepted the settlement terms on behalf of their clients. See *In re Marriage of Clarke*, 194 Ill. App. 3d at 253; *In re Estate of Rice* (1982), 108 Ill. App. 3d 751, 761, 439 N.E.2d 1264; *Kalman v. Bertacchi* (1978), 57 Ill. App. 3d 542, 548, 373 N.E.2d 550; *Sheffield Poly-Glaz, Inc.*, 42 Ill. App. 3d at 870.

In the instant case, the trial court had presided over the settlement conference and was fully aware of the specific terms which resulted from these negotiations. The fact situation was not complex, and all pending matters were resolved in the settlement agreement negotiated by counsel. The trial judge, who specifically recalled that plaintiff's resignation was discussed and was a provision of the negotiated agreement, was free to reject the averments made in the affidavits submitted by plaintiff where they differed from his recollection of the settlement conference. (See *In re Estate of Rice*, 108 Ill. App. 3d at 760.) Plaintiff's counsel verbally accepted the terms of the proposed settlement agreement after conferring with his client. The trial court concluded that, at the time of acceptance by plaintiff's attorney, there was a valid meeting of the minds between the parties to the agreement. We agree with the conclusion reached by the trial court and hold that plaintiff was bound by his counsel's acceptance of the settlement agreement.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN and RAKOWSKI, JJ., concur.