(No. 76723

CHESTER BREWER, Appellant, v. NATIONAL RAILROAD PASSENGER CORPORATION, a/k/a Amtrak, Appellee.

*Opinion filed March 30, 1995.*

James N. Vail and Sands & Associates, all of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, M. Elizabeth Bennett, Sandra K. Macauley and Leslie J. Rosen, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Chester Brewer, brought a personal injury action in the circuit court of Cook County against defendant, the National Railroad Passenger Corporation, also known as Amtrak. The trial court entered an order enforcing a settlement of the suit. The appellate court affirmed. (256 Ill. App. 3d 1083.) We allowed plaintiff's petition for leave to appeal. (145 Ill. 2d R. 315(a).) We now reverse the judgments below and remand the cause to the trial court for further proceedings.

## BACKGROUND

The appellate court detailed the facts of this case. We repeat only those facts that are necessary to dispose of this appeal.

Plaintiff sought damages for injuries suffered in the course of his employment with defendant. Plaintiff fell while inspecting track, injuring his head and lower back.

The trial court held a pretrial settlement conference. Present were the trial judge, the attorneys for plaintiff and defendant, and defendant's claims agent. Although plaintiff and his wife were in the courthouse,

they were not present in the trial judge's chambers during the negotiations.

The attorneys reached a settlement. Defense counsel agreed to pay plaintiff $250,000 plus an additional $50,000 if plaintiff would undergo back surgery within six months of the entry of a dismissal order. The parties disagree on plaintiff's duties under the settlement. According to defense counsel and defendant's claims agent, plaintiff's attorney agreed that plaintiff would quit his job with defendant. However, according to plaintiff's attorney, he never agreed to that condition. It is undisputed that plaintiff's attorney left the trial judge's chambers to confer with plaintiff.

After the attorneys reached a settlement, the trial court dismissed the lawsuit with prejudice. The order incorporated only defendant's agreement to pay plaintiff. The order did not incorporate an agreement that plaintiff would quit his job.

Within nine days of the dismissal order, defendant moved to enforce its version of the settlement agreement. Soon thereafter, plaintiff timely moved to vacate the dismissal order. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1203.) At the hearing on the motions, plaintiff's attorney first contended that the issue of plaintiff's resignation was never discussed at the settlement conference. However, the trial judge remembered and found that the issue was discussed and was the basis of defendant's payment to plaintiff.

Plaintiff's attorney also contended that plaintiff never authorized him to compromise plaintiff's job. Plaintiff's attorney, plaintiff, and plaintiff's wife each submitted an affidavit testifying, *inter alia*, that plaintiff never agreed to quit his job; plaintiff never authorized his attorney to make such an agreement; and no one ever told plaintiff that his resignation was a settlement term.

Rejecting this contention, the trial judge assumed that plaintiff's attorney conferred with plaintiff on the resignation issue. The trial judge personally spoke to plaintiff prior to dismissing the lawsuit. However, the judge did not remember specifically mentioning the resignation issue. The trial judge rejected plaintiff's affidavit evidence by relying solely on the general presumption that the attorney speaks for the client; the trial judge did not make any findings of fact or rely on any evidence.

The trial court denied plaintiff's motion to vacate the dismissal order and granted defendant's motion to enforce the settlement agreement. The trial court ordered plaintiff to quit his job, finding that it was a condition of the settlement agreement.

In affirming the trial court, the appellate court assumed that plaintiff's attorney conferred with plaintiff on the resignation issue. 256 Ill. App. 3d at 1087-88.

## DISCUSSION

### Jurisdiction

We initially note plaintiff's contention that the trial court lacked jurisdiction to enforce the settlement agreement. Plaintiff notes that he moved to vacate the dismissal order under section 2—1203 of the Code of Civil Procedure. That section allows a party, within 30 days after entry of judgment, to "file a motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1203.) Plaintiff further notes that "the 'other relief' referred to in section 68.3 [the predecessor to section 2—1203] must be similar in nature to the other forms of relief enumerated in that section." *Fultz v. Haugan* (1971), 49 Ill. 2d 131, 136.

Plaintiff argues that the enforcement of a settlement agreement is not similar to a rehearing or a

retrial, or a modification or vacation of a judgment. Thus, plaintiff concludes, the trial court, after denying his section 2—1203 motion to vacate the dismissal order, lacked jurisdiction to enforce the settlement agreement.

We cannot accept plaintiff's contention. A trial court retains jurisdiction over a cause for 30 days after entry of a final order or judgment. (*Beck v. Stepp* (1991), 144 Ill. 2d 232, 238.) Plaintiff's timely section 2—1203 motion properly brought before the trial court the issue of the settlement agreement's validity. A trial court has the power to enforce a settlement agreement entered into by the parties while the suit is pending before the court. (See *McAllister v. Hayes* (1988), 165 Ill. App. 3d 426, 427; *Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.* (1976), 42 Ill. App. 3d 865, 868.) We hold that the trial court retained jurisdiction to enforce the settlement agreement.

### Attorney's Authority to Settle

Turning to the merits, the controlling legal principles are quite settled. The authority of an attorney to represent a client in litigation is separate from and does not involve the authority to compromise or settle the lawsuit. An attorney who represents a client in litigation has no authority to compromise, consent to a judgment against the client, or give up or waive any right of the client. Rather, the attorney must receive the client's express authorization to do so. *Danziger v. Pittsfield Shoe Co.* (1903), 204 Ill. 145, 149-50; *McClintock v. Helberg* (1897), 168 Ill. 384, 391-92; see *Colvin v. Hobart Brothers* (1993), 156 Ill. 2d 166, 176-77 (Harrison, J., dissenting).

Where a settlement is made out of court and is not made a part of the judgment, the client will not be bound by the agreement without proof of express authority. This authority will not be presumed and the

burden of proof rests on the party alleging authority to show that fact. (*Danziger*, 204 Ill. at 149.) Further, in such a case, opposing counsel is put on notice to ascertain the attorney's authority. If opposing counsel fails to make inquiry or to demand proof of the attorney's authority, opposing counsel deals with the attorney at his or her peril. *McClintock*, 168 Ill. at 392.

However, "[w]hile an attorney's authority to settle must be expressly conferred, the existence of the attorney of record's authority to settle in open court is presumed *unless rebutted by affirmative evidence that authority is lacking.*" (Emphasis added.) *Szymkowski v. Szymkowski* (1982), 104 Ill. App. 3d 630, 633 (and cases cited therein); see *Brooks v. Kearns* (1877), 86 Ill. 547, 551.

In the present case, the trial court erroneously relied on the presumption that plaintiff's attorney spoke for plaintiff on the issue of plaintiff's resignation. The record contains affirmative evidence, in the form of affidavits, that plaintiff did not expressly authorize his attorney to agree that plaintiff would quit his job. Thus, the trial court could no longer presume that plaintiff's attorney spoke for plaintiff on this point.

In affirming the trial court, the appellate court did not address these principles or this necessary conclusion. Rather, the appellate court erroneously assumed that such express authorization existed. Having made this assumption, the appellate court discussed the legal principles that pertain to an attorney binding the client to a settlement agreement. (256 Ill. App. 3d at 1087-88.) However, as courts have explained, an attorney's general authority to represent the client in litigation does not extend so far as to permit the attorney to waive the rights of the client. See *Kazale v. Kar-Lee Flowers* (1989), 185 Ill. App. 3d 224, 227; *Knisley v. City of Jacksonville* (1986), 147 Ill. App. 3d 116, 120; *County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 11.

In sum, the record contains affirmative uncontradicted evidence that plaintiff did not expressly authorize his attorney to agree that plaintiff would quit his job. The record does not contain any facts that show that plaintiff authorized his attorney to compromise this point. Accordingly, we must reverse the judgments of the trial and appellate courts.

For the foregoing reasons, the judgments of the appellate court and the circuit court of Cook County are reversed, and the cause remanded to the trial court for further proceedings consistent with this opinion.

*Judgments reversed;*
*cause remanded.*