Walter McNEELA and Samuel
Hubbell, Plaintiffs–
Appellants,

v.

UNITED AIRLINES, INC.,
Defendant–Appellee.

No. 00–3452.

United States Court of Appeals,
Seventh Circuit.

Argued April 20, 2001.

Decided June 19, 2001.

Before EASTERBROOK, MANION
and KANNE, Circuit Judges.

## ORDER

Plaintiffs Walter McNeela and Samuel Hubbell sued United Airlines, Inc. ("United") in the Circuit Court of Cook County for retaliatory discharge under state law. They amended their complaint to add a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, and United removed to federal court. Plaintiffs' counsel ultimately agreed to a settlement offer and counsel for both parties signed a stipulation of dismissal. The district court dismissed the case. Plaintiffs subsequently filed a Rule 60(b)(1) motion seeking to vacate the judgment because plaintiffs' counsel did not have the express authority to agree to some of the terms of settlement. The district court denied the motion, and plaintiffs appeal. We affirm.

## I.

### Background

On November 1, 1999, the parties started negotiations to settle the claims involving wrongful termination of the plaintiffs by United Airlines. Shortly thereafter, on November 12, 1999, plaintiffs' counsel informed United's counsel that the plaintiffs had accepted United's settlement offer and would settle the suit for $10,000 including attorneys' fees. In a November 15, 1999 follow-up phone conversation, plaintiffs' counsel confirmed that plaintiffs agreed to settle the suit for $10,000.

United's counsel offered to draft the settlement agreements. On November 22, 1999, plaintiffs' counsel agreed to inform the district court of the settlement, and United's counsel faxed the draft settlement agreements to plaintiffs' counsel. Then, on November 24, 1999, United's counsel delivered a draft Stipulation and Order of Dismissal to plaintiffs' counsel, who signed the Stipulation and returned it by mail. On November 29, 1999, United's counsel signed the Stipulation and filed it with the district court. The following day, the district court entered an order dismissing the action with prejudice.

A week later, on December 6, 1999, plaintiffs' counsel sent a letter suggesting revisions to the draft settlement agreements provided on November 22. Among other things, the letter proposed striking paragraph two of the settlement agreements, which stated:

> [Plaintiff] expressly waives any right of claim he may have had to employment with United or any related company. [Plaintiff] expressly agrees that he will not seek employment with United in the future.

According to the letter, paragraph two had never been discussed during settlement negotiations. The next day, United's counsel informed plaintiffs' counsel that United would not agree to any changes.

On December 29, 1999, plaintiffs' counsel filed a Motion to Vacate. The Motion to Vacate stated that plaintiffs' counsel "understood he had express authority to accept the offer of settlement." It also alleged that the plaintiffs informed counsel on December 29, 1999, that they did not agree with the terms of the settlement after reviewing the settlement language, and that plaintiffs believed their counsel was not given express authority to settle based on the final terms of the settlement agreement. In a reply brief in support of the Motion to Vacate, plaintiffs' counsel stated that plaintiffs had not agreed to any terms beyond the $10,000 settlement amount and did not give any express authority for counsel to settle aside from authority to accept the monetary amount. Neither plaintiffs' Motion to Vacate, reply brief, nor supplemental briefing contained supporting affidavits. The Motion to Vacate was denied on August 21, 2000, and is the subject of the appeal before this court.

## II.

### Analysis

■ Rule 60(b)(1) states that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). The district court's denial of Rule 60(b) relief is reviewed under a highly deferential standard and reversed only for an abuse of discretion. *See Dickerson v. Bd. of Educ. of Ford Heights,* 32 F.3d 1114, 1116 (7th Cir.1994). *See also J & W Fence Supply Co., Inc. v. United States,* 230 F.3d 896, 898 (7th Cir. 2000) ("Appellate review of decisions under Rule 60(b) is deferential, as it must be if litigants are to be induced to present their arguments before rather than after judgment.").

■ Rule 60(b) "is to be used to disturb the finality of judgments only on narrow grounds and upon a showing of exceptional circumstances." *Smith v. Widman Trucking & Excavating Inc.*, 627 F.2d 792, 795 (7th Cir.1980). "The rule is not intended to enable litigants to avoid the consequences of a decision to settle or compromise which in retrospect appears unfortunate." *Id.* However, Rule 60(b) may provide relief where there is affirmative proof that an attorney entered into a consent judgment without express authority to do so or without the client's actual consent. *See id.* at 796; *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99, 102 (7th Cir.1979).

■ The district court held that the plaintiffs did not offer affirmative proof that their counsel lacked authority. The plaintiffs presented conflicting statements in their Motion to Vacate regarding counsel's authority. On the one hand, they stated that counsel had express authority to accept the settlement offer, but on the other they claimed that they did not believe that counsel had express authority to agree to the final terms of the settlement. Based on the conflict and an absence of supporting affidavits, the court denied the motion. Although a showing of affirmative proof was a requirement for plaintiffs to succeed in their Rule 60(b) motion, plaintiffs' appellate brief for whatever reason does not question the district court's ruling that their Motion to Vacate was unsupported by affirmative proof. Instead, plaintiffs simply claim that counsel must have express authority to agree to the nonmonetary provisions of the settlement.

In support of their position, plaintiffs cite *Brewer v. National Railroad Passenger Corp.*, 165 Ill.2d 100, 208 Ill.Dec. 670, 649 N.E.2d 1331 (Ill.1995). In *Brewer*, the settlement agreement entered into by the parties contained a provision requiring the plaintiff-employee to quit his job. The employee, his wife, and the employee's attorney submitted affidavits stating that the employee had not agreed to this provision, had never given the attorney who accepted the agreement authority to include this provision, and had not been informed that the provision was contained in the settlement. The Illinois Supreme Court, relying on these affidavits, reversed the trial court's enforcement of the agreement. We do not see how this state court decision bears on the present case, as we look to federal law in determining whether exceptional circumstances justify granting a Rule 60(b) motion. As noted above, that means affirmative proof is required.

In light of plaintiffs' failure to present any affirmative proof, the district court's Rule 60(b) holding was not an abuse of discretion. Plaintiffs' counsel's statement that plaintiffs believed their counsel only had authority to reach a monetary settlement does not make up for the absence of supporting affidavits showing a lack of express authority. Indeed, it is difficult to see how this case presents exceptional circumstances. *Cf. Bradford Exchange*, 600 F.2d at 102 (describing settlement as "so onerous and costly that it [was] dubious" the plaintiffs would have provided their attorney with express authority to accept it). Since there was no affirmative proof showing the exceptional circumstances required for Rule 60(b)(1) relief, plaintiffs must accept the district court's order of dismissal with prejudice.[1]

---

1. Appellants also suggest, without citing any supporting precedent, that the district court should have "enforced the settlement as made without the formal documentation," *i.e.*, enforce a settlement in exchange for the proposed $10,000. But district courts may not use Rule 60(b) to enforce settlement agreements after a final judgment is entered in these circumstances. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (holding that district court had no jurisdiction to enforce settlement agreement absent incorporation of

### III.

The district court did not abuse its discretion in finding that the plaintiffs failed to show exceptional circumstances in support of their Rule 60(b) motion absent affirmative proof that their attorney lacked express authority to agree to settlement terms. Accordingly, the district court is AFFIRMED.

settlement terms into the order of dismissal). The Stipulation of Dismissal made no mention of incorporating the settlement terms, and as a result neither did the district court's order dismissing the case. The district court accordingly lacked the power under Rule 60(b) to enforce the settlement agreement after the case was dismissed.

