NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2015[*]
Decided January 23, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-3153

| | |
|---|---|
| JOHN DEUELL BROWN, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 12 CV 00957 |
| COOK COUNTY, ILLINOIS, | |
|     *Defendant-Appellee.* | Joan B. Gottschall, |
| | *Judge.* |

**O R D E R**

John Brown, an Illinois prisoner, sued Cook County under 42 U.S.C. § 1983 claiming that he was denied essential medical care while in the county sheriff's custody as a pretrial detainee. The district court eventually dismissed the suit after finding that Brown had tried to renege on a settlement, which the court enforced. Brown appeals from the order enforcing the settlement, which we uphold.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

Brown concedes that, after the district court had recruited a lawyer to assist him, he authorized counsel to engage in settlement negotiations. The defendant offered $6,000, and, according to Brown's lawyer, the plaintiff privately said he would accept that figure if the attorney couldn't wrangle a better deal. Brown's lawyer resumed negotiating, and when the defendant increased its offer to $6,300, the lawyer orally accepted on Brown's behalf. Counsel orally communicated this agreement to Brown, who, according to the lawyer, replied that he was satisfied with the deal. That same day Brown's lawyer notified opposing counsel that Brown was on board, and Brown himself wrote his lawyer acknowledging the "agreed settlement" but noting that he had forgotten to tell counsel that he wanted the settlement check issued in the name of his mother. Brown's lawyer then notified the district court that a settlement had been reached, but a week later, after the terms were reduced to writing, Brown refused to sign.

Brown's lawyer then filed a motion to withdraw, disclosing the course of the negotiations and her communications with Brown. Counsel also attached a copy of Brown's letter acknowledging his acceptance of the $6,300 deal. At the same time the defendant moved to compel Brown to sign the settlement. In pro se responses to both of these motions, Brown expressed skepticism that his attorney had done much to assist him but said he still would accept $6,300 if the defendant could prove that his lawyer had participated in drafting or revising the settlement document. The defendant then submitted e-mail correspondence and redlined drafts of the settlement language evidencing changes made at the insistence of Brown's lawyer.

The district court reviewed the written submissions from Brown and the lawyers and concluded that appointed counsel's authority to accept the $6,300 offer on Brown's behalf appeared to be in dispute. Nevertheless, the court continued, Brown had said in his pro se responses that he would accept the settlement embodied by the opposing lawyers' final, written agreement if given proof that his lawyer participated in drafting that language. That condition was met, the court said. After then giving Brown several months to execute the settlement document, the court ordered it enforced when Brown still refused to sign. The court dismissed Brown's lawsuit, making that dismissal with prejudice after giving the defendant 90 days to make payment. Brown received the settlement check.

On appeal Brown principally challenges the district court's determination that he accepted a $6,300 settlement offer. Brown also insists that the court was required to

conduct an evidentiary hearing before concluding that his lawyer was authorized to agree to the offer on his behalf.

Whether the parties to a federal lawsuit have reached an enforceable settlement is a question governed by contract principles in the state where the court sits. *Dillard v. Starcon Int'l Inc.*, 483 F.3d 502, 506 (7th Cir. 2007); *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). In Illinois an oral settlement negotiated between counsel is binding on the litigants if the lawyers were expressly authorized to settle and there was an offer, acceptance, and meeting of the minds. *Elustra v. Mineo*, 595 F.3d 699, 710 (7th Cir. 2010); *Dillard*, 483 F.3d at 507; *Magallanes v. Ill. Bell Tel. Co.*, 535 F.3d 582, 584–85 (7th Cir. 2008); *Brewer v. Nat'l R.R. Passenger Corp.*, 649 N.E.2d 1331, 1333-34 (Ill. 1995). The need for an evidentiary hearing to decide if these conditions were satisfied is within the district court's discretion, *see Elustra*, 595 F.3d at 710; *Hakim v. Payco-Gen. Am. Credits, Inc.*, 272 F.3d 932, 935 (7th Cir. 2001).

We agree with the district court that a binding settlement was reached. Brown insists that he didn't accept the $6,300 deal and regardless, he says, there wasn't a meeting of the minds. But plainly he had authorized his attorney to settle the suit for this amount. For purposes here we accept Brown's assertion that his lawyer jumped the gun by agreeing to the $6,300 figure without authorization (though counsel says that she had express authorization to accept even $6,000 if she couldn't get a better offer). But even if the lawyer acted hastily, the letter that Brown wrote after learning what counsel had done shows unequivocally that Brown—whether or not he gave prior authorization—surely ratified counsel's action immediately after being told. *See Horwitz v. Holabird & Root*, 816 N.E.2d 272, 280 (Ill. 2004) (recognizing there can be ratification of lawyer's unauthorized act); *People v. Bowman*, 561 N.E.2d 633, 639 (Ill. 1990) (collecting civil and criminal cases where client ratifies lawyer's actions). *See also Carr v. Runyan*, 89 F.3d 327, 332 (recognizing same rule under Indiana law). An evidentiary hearing would have added nothing to this obvious conclusion, especially since Brown has never explained what else he possibly could have meant by his reference to an "agreed settlement" for $6,300. Moreover, as the district court observed, even after Brown had tried to back out of the deal, he told the court and opposing counsel that he would stand by the agreement if the defendant supplied proof that his appointed lawyer had actively participated in the settlement process. The defendant did exactly that, though, in our view, the parties' agreement would have been equally binding had the defendant ignored this demand. Further, counsel for the parties had agreed to all material terms, so there was a meeting of the minds. *See Dillard*, 483 F.3d at 507.

Accordingly, Brown was bound by his settlement, and the district court did not abuse its discretion in enforcing his agreement. We have reviewed Brown's remaining arguments, and none has merit.

AFFIRMED.