SHARON KAZALE, Indiv. and as Mother and Next Friend of Jeffrey Kazale, a Minor, Plaintiff-Appellant, v. KAR-LEE FLOWERS *et al.*, Defendants-Appellees.

Second District   No. 2—88—1092

Opinion filed June 30, 1989.

Glenn J. Jazwiec, of Miller, Feda & Brown, of Elgin (Howard S. Miller, of counsel), for appellant.

Thomas K. Hanekamp, of Tressler, Soderstrom, Maloney & Priess, of Wheaton (Brian P. Shaughnessy, of counsel), for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Sharon Kazale, brought suit against defendants, Kar-Lee Flowers and Christopher Musial, for damages suffered from a car accident. She appeals from an order of the trial court enforcing a settlement of the suit. She raises three issues: (1) whether the court erred in enforcing the settlement agreement where defendant failed to state a cause of action for enforcement and where defendant failed to prove that plaintiff's attorney had authority to settle; (2) whether the court erred in denying plaintiff's motion for reconsideration; and (3) whether the court erred in not allowing plaintiff to testify in support

of her motion to reconsider. For the reasons stated below, we reverse.

The facts adduced at the hearing on defendant's motion to enforce a settlement are summarized as follows.

Defendant's attorney testified that, in October 1987, he attended a pretrial of the case after which plaintiff's attorney demanded $3,500. In January 1988, defendant's attorney began settlement negotiations with another attorney from the same law office representing plaintiff. He offered plaintiff's attorney $1,800 to settle. Plaintiff's counsel replied that the amount was insufficient. On January 12, plaintiff's attorney demanded $2,200, and defendant's attorney agreed to pay this amount. This agreement was made over the phone. On January 14, defendant's attorney sent plaintiff's attorney a letter confirming that the case was settled and sent releases to be signed by plaintiff. On January 15, the case was up for hearing on defendant's motion for summary judgment. Defendant advised the court the case was settled. No one representing plaintiff appeared at this hearing. On January 29, defendant's counsel received a phone call from plaintiff's attorney stating that plaintiff would not sign the release. Defendant's attorney testified that plaintiff's attorney never stated when he agreed to the settlement that he was acting without plaintiff's authority or that the agreement was contingent on his client accepting.

Plaintiff's attorney, called to testify by defendant, testified he told defendant's attorney that the settlement was contingent on plaintiff agreeing to it. Plaintiff's attorney admitted receiving defense counsel's January 14 letter confirming the settlement agreement, which did not state that the agreement was contingent on plaintiff's acceptance. He did not respond to this letter until January 29 because he was trying to get his client to agree to the offer. He testified also that another attorney from the law office representing defendant called on January 15 to inquire about the case. Plaintiff's attorney told him there was a tentative settlement subject to plaintiff accepting and signing the release.

After the testimony of plaintiff's and defendant's attorneys, defendant rested, and plaintiff presented no evidence. The trial court granted defendant's motion to enforce the settlement, finding that plaintiff's attorney accepted the settlement as plaintiff's agent.

■■ ■ Plaintiff first contends defendant failed to state a cause of action in its motion to enforce the settlement agreement. The motion alleged a settlement agreement had been reached with plaintiff's attorney that plaintiff now refused to honor. Plaintiff cites *Thornberry v. Board of Education* (1972), 8 Ill. App. 3d 351, 353, which sets out

the elements the pleading must allege: (1) liability of the defendant; (2) agreement concerning the amount to be paid; and (3) acceptance of the agreement in settlement of the original dispute. But, plaintiff fails to tell this court on what basis defendant's motion is defective. It may be plaintiff means to rely on the fact that the motion did not make a statement of liability. This court need not speculate on plaintiff's meaning here, however, since the record shows that this issue was not raised below. Thus, the issue is waived. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 499-500.

Next, plaintiff alleges defendant failed to carry its burden of proof to demonstrate that a settlement agreement had been negotiated.

■ Settlement agreements are to be encouraged and given full force and effect. (*People ex rel. Skinner v. Scott* (1988), 172 Ill. App. 3d 790, 797-98.) A settlement agreement is binding so long as there is clearly an offer to compromise and an acceptance, and there is a meeting of the minds as to the terms of the agreement. (*Skinner*, 172 Ill. App. 3d 790.) An attorney may bind a client to a settlement agreement (*Knisley v. City of Jacksonville* (1986), 147 Ill. App. 3d 116, 120; *Sheffield Poly-Glaz, Inc. v. Humboldt Glass Co.* (1976), 42 Ill. App. 3d 865, 869), and a settlement agreement based on an oral agreement is enforceable (*Sheffield Poly-Glaz, Inc.*, 42 Ill. App. 3d at 868; *Zamouski v. Gerrard* (1971), 1 Ill. App. 3d 890, 895). An attorney authorized to represent a client in litigation, however, does not necessarily have authority to conclude a settlement. (*Knisley*, 147 Ill. App. 3d at 120; *Danziger v. Pittsfield Shoe Co.* (1903), 204 Ill. 145, 149; *Jones v. Engel* (1953), 349 Ill. App. 423.) The attorney must have express consent or authorization to conclude a settlement. *McAllister v. Hayes* (1988), 165 Ill. App. 3d 426, 428; *Knisley*, 147 Ill. App. 3d at 120; *Danziger*, 204 Ill. at 149.

■ Plaintiff contends defendant presented no evidence to establish that her attorney had authority to settle the claim. Defendant cites *Szymkowski v. Szymkowski* (1982), 104 Ill. App. 3d 630, 633, which holds that where a settlement occurs in open court, the existence of the attorney of record's authority to settle is presumed unless rebutted by affirmative evidence showing that authority is lacking. (*Szymkowski*, 104 Ill. App. 3d at 633.) In *Szymkowski* the court upheld a settlement agreement that was made in open court in the presence of the client. (*Szymkowski*, 104 Ill. App. 3d at 633.) The law set out in *Szymkowski* is not applicable here, however, since the evidence clearly shows that this was not a settlement in open court. Here, the attorneys came to an agreement over the phone. There is no case law which holds that an attorney's authority to settle is presumed in set-

tlements outside of court. There is, however, case law which holds to the contrary. In *Danziger v. Pittsfield Shoe Co.* (1903), 204 Ill. 145, 149, the Illinois Supreme Court stated:

> "The authority of an attorney to prosecute a suit does not involve authority to compromise it. Before an attorney can compromise a suit, he must have a special authority for that purpose. [Citation.] Where an attorney, employed to prosecute or defend a suit, makes an agreement for the settlement of the same out of court, and without making the agreement a part of the decree or judgment in the suit, the client will not be bound by such agreement, or settlement, without proof of authority in the attorney to bind the client, or acquiescence on the part of the client after knowledge of the facts; and, in such case, there is no presumption of authority, but the burden of proof rests on the party, alleging authority, to show that fact."

■ Defendant argues *Danziger* is no longer good authority because it is an old case and the development of the law since renders it inapplicable. Defendant fails to specifically explain why *Danziger* is bad law and cites no case law which overrules it. There does not appear to be authority for overruling *Danziger*. The case law cited by defendant does not address the issue in *Danziger*, whether, where there is no proof that a client's attorney had authority to settle, a client may be bound by his attorney's settlement made outside of court. Defendant cites *Blaylock v. Toledo, Peoria & Western R.R. Co.* (1976), 43 Ill. App. 3d 35, 37, for the general proposition that once evidence is presented to show that a settlement agreement has been reached, there is a presumption as to the validity of the agreement and the burden shifts to the opponent to show the agreement invalid. This general rule does not overrule *Danziger*. In *Blaylock*, the client was present during the settlement negotiations and signed a release. Thus, there was no question of an attorney's authority to settle. It was clear in *Blaylock* that the plaintiff had agreed to a settlement, but plaintiff claimed it was reached by fraud. The court correctly held that since a settlement was established, it was up to the party challenging it to prove its invalidity. (*Blaylock*, 43 Ill. App. 3d at 37.) *Madison Associates v. Bass* (1987), 158 Ill. App. 3d 526, is distinguishable for the same reason. In *Madison*, there was no question of an attorney's authority to settle since the client signed the settlement agreement. *Madison*, 158 Ill. App. 3d at 537.

■ Defendant argues that the above two cases cannot be distinguished on the basis that the settlement was signed by the principal because it is well accepted that an attorney may bind his client with

an oral settlement agreement. (*Zamouski*, 1 Ill. App. 3d at 895.) Defendant misses the point. The reason the signatures in *Blaylock* and *Madison* distinguish those cases from this case and *Danziger* is because the signatures made the question of whether the attorney had authority to settle a nonissue; the client had himself settled the case, not the agent. Nor do we have a situation in this case like *Szymkowski*, where the authority to settle was presumed because the settlement was made in open court in the presence of the client. Here, where the attorneys agreed to settle outside of court and outside the presence of the parties, the agreement alone provides no evidence that plaintiff authorized or even had knowledge of a settlement.

■ Defendant contends plaintiff authorized her attorney to settle by hiring the attorney to represent her. We disagree. In *County of Cook v. Schroeder* (1965), 55 Ill. App. 2d 449, 462, the court held that a plaintiff, by retaining an attorney, holds out the attorney as having the authority conferred on attorneys, and defendant will be justified in dealing with that attorney until defendant receives actual notice that such authority has been revoked or limited. Furthermore, if the attorney's acts are taken without authority, the remedy is against the attorney. (*County of Cook*, 55 Ill. App. 2d at 462.) In *County of Cook* the court held that notice of trial given to an attorney was sufficient to attribute notice to the client. (*County of Cook*, 55 Ill. App. 2d at 463.) This was a correct ruling because a client ordinarily confers upon her attorney authority to act as the receiver of all correspondence from the court and the opposing party, which includes notice of court proceedings. This is not so in the case of authority to settle a claim. As already stated, the law provides that this is a special authority which must be expressly conferred. *Danziger*, 204 Ill. at 149; *McAllister*, 165 Ill. App. 3d at 428.

■ Defendant also argues that placing the burden of proof on the movant to show express authorization would make it impossible to enforce settlement agreements. Defendant argues that an attorney for the movant would not be able to procure admissible evidence from the opposing party because the movant is prohibited from discussing the settlement agreement directly with that party. This argument is without merit. Rules of discovery and subpoena powers provide the moving party ample means to obtain evidence on the issue of authority. Defendant has, as in general agency law, the burden of proving by a preponderance of the evidence that the agent had authority to act. (*Palos Bank & Trust Co. v. Kardaras* (1982), 104 Ill. App. 3d 505, 511; *Easterday v. Marchman* (1962), 36 Ill. App. 2d 321, 327.) Evidence of the nature and extent of an agency relationship may be

shown by circumstantial evidence with regard to surrounding circumstances and the acts of the parties. *Szymkowski*, 104 Ill. App. 3d at 633.

■ The evidence presented by defendant in this case does not prove by a preponderance of the evidence plaintiff's attorney's authority to settle the case. A summary of the evidence adduced at the hearing shows that defendant's attorney had been negotiating with plaintiff's attorney and that defendant's attorney believed they had settled the case for $2,200. Plaintiff's attorney stated he told defendant's attorney it was conditioned on his client accepting and signing the release forms. Defendant's attorney testified plaintiff's counsel did not make this condition. On January 14, defendant's counsel sent plaintiff's counsel a letter confirming the settlement along with release forms. Plaintiff's attorney did not notify defense counsel until January 29 that his client did not agree to the settlement.

These circumstances do not prove plaintiff's counsel had plaintiff's authority to conclude settlement of her case. These facts may show that the attorneys settled the case in spite of plaintiff's attorney's testimony to the contrary. But, this conclusion has nothing to do with the issue of plaintiff's attorney's authority to settle. There are no facts to show that plaintiff gave her attorney authority to settle. There are no facts to indicate plaintiff was even aware her attorney was conducting settlement negotiations. The only fact admitted into evidence that is directly probative of the issue of authority is plaintiff's counsel's statement that he told defense counsel the settlement was conditioned on plaintiff accepting it. This was, however, disputed by defense counsel. It is not necessary, though, to consider this statement in resolving the issue. Defendant had the burden of proof to show authority and offered no proof to carry that burden.

We note that there is also proof showing lack of authority in the form of an affidavit sworn by plaintiff which was submitted in plaintiff's motion to reconsider. In this affidavit, plaintiff states that she at no time gave her attorney authority to conclude a settlement of her claim. She states she was first informed of the offer made by defendant on January 28, 1988, and refused to accept it. In its brief defendant argues that the trial court properly denied consideration of this evidence. The record reveals, however, that in spite of defendant's motion to strike the affidavit, it was admitted. The trial court denied the motion to reconsider even after admitting this evidence because it found that this evidence could have been presented at the first hearing. Regardless of the lower court's reasoning, the affidavit is properly before this court. Thus, though it is not necessary to our deci-

sion, we note that there is affirmative uncontradicted evidence which indicates that authority was not given.

In light of our holding that defendant had the burden to prove plaintiff's attorney's authority to settle and our finding that defendant failed to meet that burden, we find it unnecessary to resolve plaintiff's other issues. It is also unnecessary to decide defendant's motion to strike portions of plaintiff's reply brief since the objection to the brief goes to an issue we do not decide.

The circuit court of Du Page County is reversed and the cause remanded.

Reversed and remanded.

LINDBERG and WOODWARD, JJ., concur.