IVAN COLVIN, Plaintiff-Appellee, v. HOBART BROTHERS, Defendant-Appellant.

Third District No. 3—91—0699

Opinion filed June 10, 1992.—Rehearing denied July 22, 1992.

Stevenson, Rusin & Friedman, Ltd., of Chicago (Gregory G. Vacala, of counsel), for appellant.

Hasselberg & Rock, of Peoria (Jeffrey B. Rock, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

In this declaratory judgment action, plaintiff Ivan Colvin requested the trial court to declare the rights between plaintiff and defendant Hobart Brothers regarding acts undertaken by plaintiff's former attorney which were allegedly beyond his authority. The court granted summary judgment for plaintiff. Defendant appeals. We affirm.

In December 1989, plaintiff filed a second amended complaint. In this complaint plaintiff alleged, and in his answer defendant admitted, that plaintiff had been employed by defendant for approximately 19 years, had filed a worker's compensation action against defendant in 1983, and had retained attorney Richard Price to represent him in the claim. Plaintiff also alleged and defendant admitted that Price represented to defendant that plaintiff's case could be settled for $20,000; that defendant agreed to and did pay $20,000 in full settlement of plaintiff's claim; that the settlement contract was approved in 1984 by the Industrial Commission; and that a settlement check was issued by defendant.

Plaintiff alleged that Price told him that the settlement money was only for back-due temporary disability benefits; that plaintiff never

agreed to or authorized settlement of his claim; and that Price did not notify plaintiff that Price had signed the contract in full settlement of his claim. Plaintiff further alleged that after December 1984, Price was still representing to him that he was pursuing the worker's compensation claim; that plaintiff did not discover that a settlement contract had been signed and approved until March 1986; that in April 1986 plaintiff filed a complaint against Price with the Attorney Registration and Disciplinary Commission (ARDC); that plaintiff contacted his present attorney in 1987; and that plaintiff has no remedy at law against Price because Price is in prison, has filed for bankruptcy, and insurance coverage is precluded because Price's acts were intentional. Finally, plaintiff alleged that the settlement contract was procured by fraud on the part of Price and was invalid. Plaintiff requested that the court declare the settlement order void and unenforceable and asked that the court remand the cause to the Industrial Commission with directions to allow plaintiff to proceed with his claim for worker's compensation benefits.

The trial court denied defendant's motion to dismiss. In its answer, defendant raised four affirmative defenses: (1) failure to state a cause of action; (2) *laches*; (3) release/settlement/prior order; and (4) ratification.

Defendant deposed plaintiff. In his deposition, plaintiff stated that he had never settled a personal injury or any other type of case before. He further stated that Price told him that he was entitled to two-thirds of his pay that he was receiving (for life), back pay, and full insurance for the disease he had. Plaintiff testified that Price told him that he was negotiating a settlement for back pay only. Plaintiff further stated that Price gave plaintiff his personal check for plaintiff's share of the settlement amount, $15,832. The check had no reference to it being out of a trust or attorney/client account. Plaintiff also stated that when he received the check, he received a copy of a statement showing the amount received, Price's fees, expenses, and plaintiff's amount. Plaintiff testified further that in April 1986, Price first told plaintiff that his case was settled. Plaintiff stated that the signature on the settlement contract was not his and stated that he did not authorize Price to execute the contract.

Attorney Price was not deposed. Defendant moved for summary judgment. Defendant maintained that because there was no fraud alleged on the part of the defendant, because plaintiff's deposition showed acts of ratification of the settlement by plaintiff, because plaintiff's cause of action for rescission was equitable in nature and plaintiff had an adequate legal remedy, and because of *laches* on the part of

plaintiff in pursuing this claim, that defendant's motion should be granted.

Defendant's motion was denied. Plaintiff filed a cross-motion for summary judgment, which was granted.

Defendant now appeals.

Defendant first contends that a declaratory judgment action does not lie here.

A declaration of rights may be obtained by means of a pleading seeking that relief. (Ill. Rev. Stat. 1989, ch. 110, par. 2—701(b).) The scope of declaratory judgment relief is broad, liberal, and unrestricted by technicalities. (*In re Estate of Moerschel* (1980), 86 Ill. App. 3d 482, 407 N.E.2d 1131.) It is designed not to supplant existing remedies, but as an alternate or additional remedy to facilitate the administration of justice and to settle and fix rights of the parties based upon an actual justiciable controversy. (*Miller v. County of Lake* (1980), 79 Ill. 2d 481, 404 N.E.2d 222; *Illinois Gamefowl Breeders Association v. Block* (1979), 75 Ill. 2d 443, 389 N.E.2d 529.) A complaint for a declaratory judgment which recites in sufficient detail an actual and legal controversy between the parties and prays for a declaration of rights states facts sufficient to state a good cause of action. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.) A client may not be bound to a settlement agreement entered into by an attorney without the client's express authorization. *Danziger v. Pittsfield Shoe Co.* (1903), 204 Ill. 145, 68 N.E. 534.

A declaratory judgment action properly lies here. Plaintiff is not here suing to recover compensation or damages from defendant, but is merely requesting a declaration from the court that he may pursue his rights under the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*). Specifically, plaintiff requests a declaration of the rights between plaintiff and defendant regarding acts undertaken by plaintiff's attorney which were allegedly beyond his authority. Plaintiff requests that his worker's compensation case be remanded to the Industrial Commission with directions to allow plaintiff to proceed with his claim for worker's compensation benefits. Plaintiff acknowledged that the Commission would be in a position to credit any monies that he has received in favor of defendant, if any worker's compensation money would be awarded.

The second issue for review is whether the trial court erred in granting summary judgment for plaintiff and denying defendant's motion. We note that defendant did not present any substantive evidence that plaintiff had authorized the worker's compensation settlement contract.

An attorney authorized to represent a client in litigation does not necessarily have authority to conclude a settlement, but must have express consent or authorization to do so. (*McAllister v. Hayes* (1988), 165 Ill. App. 3d 426, 519 N.E.2d 71; *Kazale v. Kar-Lee Flowers* (1989), 185 Ill. App. 3d 224, 541 N.E.2d 219; *Danziger*, 204 Ill. 145, 68 N.E. 534.) Moreover, as in general agency law, defendant has the burden of proving by a preponderance of the evidence that the agent had authority to act. *Kazale v. Kar-Lee Flowers*, 185 Ill. App. 3d 224, 541 N.E.2d 219; *Palos Bank & Trust Co. v. Kardaras* (1982), 104 Ill. App. 3d 505, 432 N.E.2d 1123.

■ In the instant case, defendant did not depose Price. Other than plaintiff's deposition, defendant did not introduce any substantive evidence as to the circumstances surrounding whether this settlement contract was authorized at the time Price entered it. The agreement alone, although approved by the Industrial Commission, provided no evidence that plaintiff authorized his attorney to settle the claim in full. Although defendant had the burden of proof on the issue of authorization, defendant did not address the issue, but instead raised four affirmative defenses.

The only evidence before the court was that Price settled the case without advising plaintiff of the true facts. Plaintiff alleged that he never gave Price the authority to settle his worker's compensation case in full for $20,000. Plaintiff also alleged that his attorney told him that the settlement money was only for back pay. Although plaintiff has retained $15,832 of the settlement proceeds, he has maintained that he accepted and retained these benefits without full knowledge of the extent of his attorney's actions. Moreover, plaintiff has acknowledged that these monies may be credited to defendant if the cause is remanded to the Industrial Commission and an award is made.

Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Lower v. Lanark Mutual Fire Insurance Co.* (1983), 114 Ill. App. 3d 462, 448 N.E.2d 940.) Considering all of the foregoing, we cannot say that the trial court erred in granting summary judgment for plaintiff.

Affirmed.

HAASE and STOUDER, JJ., concur.