(No. 76951.—

# EMPLOYERS MUTUAL COMPANIES, Appellant, v. GEORGE SKILLING, Appellee.

*Opinion filed November 23, 1994.*

Stevenson, Rusin & Friedman, Ltd., of Chicago (D. William Porter, Theodore J. Powers and Douglas F. Stevenson, of counsel), for appellant.

Pete Sullivan & Associates, of Rockford (James F. Black and Peter T. Sullivan III, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant, George Skilling, filed two workers' compensation claims against his employer, Kirkpatrick Trucking Company (Kirkpatrick), for two accidents which occurred in Illinois. Plaintiff, Employers Mutual Companies (Employers Mutual), Kirkpatrick's workers' compensation carrier, filed a motion with the Industrial Commission requesting leave to be added as a party-respondent to Skilling's claims. Employers Mutual therein contended that since its policy provided coverage only for injuries occurring in work places located in Wisconsin, it had no obligation to defend or indemnify

Kirkpatrick or to pay workers' compensation benefits to Skilling for injuries occurring in Illinois.

Employers Mutual additionally filed a suit for declaratory judgment in the circuit court of McHenry County against Kirkpatrick and Skilling, which again asserted that Employers Mutual had no obligation toward either Skilling or his employer. Skilling moved to dismiss the declaratory judgment complaint, alleging that Employers Mutual had failed to exhaust its administrative remedies before the Industrial Commission (Commission). Skilling asserted that the Commission, and not the circuit court, was the proper forum to resolve the coverage dispute. The trial court dismissed the suit for declaratory judgment. The appellate court affirmed. (256 Ill. App. 3d 567.) We allowed Employers Mutual's petition for leave to appeal (145 Ill. 2d R. 315).

The issue before us is one of jurisdiction. Is jurisdiction exclusive with the administrative agency, or is it concurrent with the circuit court? And, if it is concurrent, which is paramount? We rule that the jurisdiction is concurrent and that the jurisdiction of the circuit court is paramount.

Section 18 of the Workers' Compensation Act states:

"All questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." (820 ILCS 305/18 (West 1992).)

Section 19 states that "[a]ny disputed questions of law or fact shall be determined" by the Commission. 820 ILCS 305/19 (West 1992).

Skilling urges us to hold that the Commission has exclusive jurisdiction to resolve the insurance coverage dispute that is in question. Specifically, Skilling argues that section 18, which states that the Commission has the power to determine "[a]ll questions arising under the Act," deprives the circuit court of concurrent jurisdiction to resolve this issue. We disagree.

The courts of Illinois have original jurisdiction over all justiciable matters. (Ill. Const. 1970, art. VI, § 9.) The legislature may vest exclusive original jurisdiction in an administrative agency. However, if the legislative enactment does divest the circuit courts of their original jurisdiction through a comprehensive statutory administrative scheme, it must do so explicitly. *People v. NL Industries* (1992), 152 Ill. 2d 82, 96-97.

The Workers' Compensation Act's pronouncement that "[a]ll questions arising under this Act *** shall *** be determined by the Commission" (820 ILCS 305/18 (West 1992)) is insufficient to divest the circuit courts of jurisdiction. In *NL Industries*, the State brought an action on behalf of the Illinois Environmental Protection Agency against the owners and operators of a manufacturing facility. This court determined that the circuit court and the Pollution Control Board had concurrent jurisdiction to decide the issues presented in that case, finding that no language in the Environmental Protection Act specifically excluded the circuit courts from deciding such cases. (*NL Industries*, 152 Ill. 2d at 97.) Since exclusionary language is similarly absent from the Workers' Compensation Act, we reach the same conclusion herein.

Our determination that the circuit court and the Commission have concurrent jurisdiction to hear the insurance coverage issue raised in the present case does not end our inquiry. Employers Mutual contends that the doctrine of primary jurisdiction dictates that the circuit court should hear the declaratory judgment action. Skilling, on the other hand, contends that even if the circuit court and Commission have concurrent jurisdiction, the exhaustion of remedies doctrine applies and the coverage issue must remain before the Commission.

The different doctrines of primary jurisdiction and

exhaustion of remedies have previously been defined by this court. The doctrine of primary jurisdiction provides that where a court has jurisdiction over a matter, it should in some instances stay the judicial proceedings pending referral of a controversy, or some portion of it, to an administrative agency having expertise in the area. (*NL Industries*, 152 Ill. 2d at 95-96, quoting *Board of Education of Warren Township High School District 121 v. Warren Township High School Federation of Teachers, Local 504* (1989), 128 Ill. 2d 155, 162.) The doctrine of primary jurisdiction only applies when a court has either original or concurrent jurisdiction over the subject matter of the dispute. *NL Industries*, 152 Ill. 2d at 95.

Under the doctrine of exhaustion of remedies, however, a party must first pursue all administrative remedies provided for by the statute before turning to a review in the courts. (*NL Industries*, 152 Ill. 2d at 95; *Warren Township*, 128 Ill. 2d at 163.) The doctrine of exhaustion of remedies is applied only where the administrative agency has exclusive jurisdiction to hear the action. (*NL Industries*, 152 Ill. 2d at 95-96; *Warren Township*, 128 Ill. 2d at 163.) Since we have determined that the Commission and the circuit courts have concurrent jurisdiction, the doctrine of exhaustion of remedies is inapplicable to the present case.

The doctrine of primary jurisdiction is " 'concerned with promoting proper relationships between the courts and administrative agencies charged with particular regulatory duties.' " (*Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 444, quoting *United States v. Western Pacific R.R. Co.* (1956), 352 U.S. 59, 63, 1 L. Ed. 2d 126, 132, 77 S. Ct. 161, 165.) Under this doctrine, a matter should be referred to an administrative agency when it has a specialized or technical expertise that would help resolve the controversy, or when there

is a need for uniform administrative standards. *Kellerman,* 112 Ill. 2d at 445.

Applying these foregoing principles to the present case, we conclude that the circuit court should not have declined resolution of this insurance coverage dispute in deference to the Commission. It is the particular province of the courts to resolve questions of law such as the one presented in the instant declaratory judgment case. Administrative agencies are given wide latitude in resolving factual issues but not in resolving matters of law.

The insurance coverage dispute presented before the circuit court is precisely the type of issue that declaratory judgment suits are intended to address. The declaratory judgment statute provides, in part:

"The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any *** contract or other written instrument, and a declaration of the rights of the parties interested. *** The court shall refuse to enter a declaratory judgment or order, if it appears that the judgment or order, would not terminate the controversy or some part thereof, giving rise to the proceeding." (735 ILCS 5/2—701 (West 1992).)

Here, Employers Mutual seeks to have the circuit court determine whether Illinois is included in the scope of coverage afforded by the specific provisions of its insurance contract with Kirkpatrick. This is a question of law and, thus, a question which the circuit court, and not the Commission, is in the best position to address. A ruling in favor of Employers Mutual on this issue could foreclose needless litigation, expense and delay and advance a goal underlying declaratory judgment actions. See *La Salle Casualty Co. v. Lobono* (1968), 93 Ill. App. 2d 114, 117.

Therefore, although we conclude that the Commission had concurrent jurisdiction to hear the disputed insurance coverage issue presented in this case, when the question of law was presented to the circuit court in the declaratory judgment suit, the jurisdiction of the circuit court became paramount.

Accordingly, we reverse the judgments of the appellate court and the circuit court and remand this cause to the circuit court for further proceedings.

*Judgments reversed;*
*cause remanded.*