EMERY WORLDWIDE FREIGHT CORPORATION, Plaintiff-Appellant, v. BENJAMIN L. SNELL, Defendant-Appellee.

First District (1st Division)   No. 1—96—2887

Opinion filed May 27, 1997.

Stevenson, Rusin & Friedman, Ltd., of Chicago (Paul A. Coghlan, of counsel), for appellant.

James P. Leahy, of Elgin, for appellee.

JUSTICE GALLAGHER delivered the opinion of the court:

This appeal arises from the trial court's decision to dismiss a complaint seeking, among other things, declaratory judgment as to the effect and breadth of a written settlement contract. We reverse and remand.

Plaintiff Emery Worldwide Freight Corp. entered into a written contract with defendant Benjamin Snell, wherein the parties agreed to settle claims arising under the Illinois Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)). The Illinois Industrial Commission approved this settlement contract on December 2, 1993. The contract contained the following provision:

"Terms of settlement: [Emery] to pay and [Snell] to accept $60,000.00 in full and final settlement of any and all claims under the Workers' Compensation and Occupational Diseases Acts for all accidental injuries allegedly incurred as described herein and including any and all results or developments, fatal or non-fatal, allegedly resulting from such accidental injuries. Issues exist between the parties as to whether [Snell] has incurred injuries to the degree alleged and whether or not such injuries are compensable, and this settlement is made to amicably settle all issues. This settlement includes liability for temporary total compensation and all medical, surgical, and hospital expenses, past or future, for all of which [Snell] expressly assumes responsibility. All rights under §§ 4, 8, 16, and 19 of the Act are expressly waived by the parties. This settlement is based upon [Snell]'s present condition and specifically includes any other accident, injury, aggravation or onset of symptoms to the date of this settlement. This settlement is made to end all litigation between the parties *** "

Pursuant to the terms of the settlement, Emery paid Snell the sum of $60,000. Despite the settlement, defendant Snell continued to press claims before the Industrial Commission against plaintiff Emery, and two claims arose from alleged injuries that occurred prior to December 2, 1993 (on September 16, 1993, and April 23, 1993).

■ Plaintiff brought this suit to enforce the terms of the December 1993 contract pursuant to section 2—701 of the Code of Civil Procedure (735 ILCS 5/2—701 (West 1994)). Under that section, a court may issue binding declaratory judgments—which have the force of final judgments—determining the construction of contracts and other written instruments. Defendant moved to dismiss the complaint, arguing (1) that a declaratory judgment action could not be used to remove cases pending before the Industrial Commission, and (2) that the plaintiff failed to exhaust all administrative remedies. The trial court dismissed the complaint, and this appeal followed.

On appeal, plaintiff argues that the trial court erred when it dismissed the complaint because this dispute arises from the construction of a workers' compensation settlement contract, which a circuit court may properly resolve in a declaratory judgment action, citing *Colvin v. Hobart Brothers*, 156 Ill. 2d 166, 620 N.E.2d 375 (1993), *rev'g* 229 Ill. App. 3d 1018, 595 N.E.2d 195 (1992). In *Colvin*, the plaintiff sought a declaratory judgment nullifying the workers' compensation settlement contract which he had signed several years earlier; the plaintiff alleged that his original attorney agreed to the settlement fraudulently and without obtaining the necessary authorization. 156 Ill. 2d at 167-68, 620 N.E.2d at 376-77. The trial court granted sum-

mary judgment to the plaintiff, remanding the case to the Industrial Commission, and the appellate court affirmed. The supreme court reversed and directed the trial court to enter summary judgment in favor of the defendant. 156 Ill. 2d at 175, 620 N.E.2d at 380. We find that *Colvin* persuasively supports the proposition that a circuit court may resolve a dispute over a workers' compensation settlement contract by issuing declaratory relief.

■ We reject the lone argument defendant raises on appeal—that plaintiff was required to exhaust all administrative remedies before filing its declaratory action. The supreme court has frequently held that the exhaustion of remedies doctrine applies only where the relevant administrative agency enjoys exclusive jurisdiction to hear an action. *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284, 288, 644 N.E.2d 1163, 1166 (1994), *rev'g* 256 Ill. App. 3d 567, 629 N.E.2d 1145 (1994); *People v. NL Industries*, 152 Ill. 2d 82, 95, 604 N.E.2d 349, 354 (1992); *Board of Education of Warren Township High School District 121 v. Warren Township High School Federation of Teachers, Local 504*, 128 Ill. 2d 155, 163, 538 N.E.2d 524, 528 (1989), *rev'g* 162 Ill. App. 3d 676, 515 N.E.2d 1331 (1987). In *Employers Mutual Cos.*, a workers' compensation insurance carrier filed a declaratory judgment action to determine its liability under an insurance policy issued to the employer of the claimant. *Employers Mutual Cos.*, 163 Ill. 2d at 286, 644 N.E.2d at 1164. The claimant moved to dismiss the declaratory suit, alleging that the insurer failed to exhaust all administrative remedies; the trial court granted the claimant's motion, and the appellate court affirmed. Our supreme court, however, interpreted the Workers' Compensation Act to grant the Industrial Commission and the circuit courts concurrent jurisdiction over contract matters ancillary to disputes arising under the Act. 163 Ill. 2d at 287, 644 N.E.2d at 1165, citing *People v. NL Industries*, 152 Ill. 2d 82, 604 N.E.2d 349; see also *Fredericks v. Liberty Mutual Insurance Co.*, 255 Ill. App. 3d 1029, 1033, 627 N.E.2d 782, 786 (1994) ("[The Workers' Compensation Act] does not expressly preclude the operation of the basic tenets of contract law where a workers' compensation claim is involved"). Accordingly, the doctrine of exhaustion of remedies did not apply to the contract dispute at issue in *Employers Mutual Cos.*, 163 Ill. 2d at 288, 644 N.E.2d at 1166. We find that the same reasoning defeats defendant's argument here.

Furthermore, although defendant cites several cases in support of his position, we find each case distinguishable from the suit before us. The cases cited by defendant all involved attempts to resolve an underlying claim in the circuit court as opposed to the agency responsible for resolving such claims. In contrast, plaintiff here

requests only that the trial court interpret a specific provision in a settlement contract related to several workers' compensation claims. "This is a question of law and, thus, a question which the circuit court, and not the [Industrial] Commission, is in the best position to address." *Employers Mutual Cos.*, 163 Ill. 2d at 289, 644 N.E.2d at 1166. Defendant fails to convince us that the case authority he cites, and not *Employers Mutual Cos.*, controls the outcome of this case.

For the foregoing reasons, we reverse the July 30, 1996, order of the circuit court dismissing plaintiff's complaint and remand the matter to the circuit court for further proceedings.

Reversed and remanded.

BUCKLEY and O'BRIEN, JJ., concur.