FIRST DIVISION
 MAY 27, 1997 

No. 1-96-2887

EMERY WORLDWIDE FREIGHT CORPORATION, ) APPEAL FROM THE
 ) CIRCUIT COURT
 Plaintiff-Appellee, ) OF COOK COUNTY.
 )
v. )
 )
BENJAMIN L. SNELL, ) HONORABLE
 ) EDWIN BERMAN,
 Defendant-Appellant. ) JUDGE PRESIDING.

 JUSTICE GALLAGHER delivered the opinion of the court:
 This appeal arises from the trial court's decision to dismiss
a complaint seeking, among other things, declaratory judgment as
to the effect and breadth of a written settlement contract. We
reverse and remand.
 Plaintiff Emery Worldwide Freight Corp. entered into a writ-
ten contract with defendant Benjamin Snell, wherein the parties
agreed to settle claims arising under the Illinois Workers' Com-
pensation Act (820 ILCS 305/1 et seq. (West 1992)). The Illinois
Industrial Commission approved this settlement contract on Decem-
ber 2, 1993. The contract contained the following provision:
 "Terms of settlement: [Emery] to pay and
 [Snell] to accept $60,000.00 in full and final
 settlement of any and all claims under the
 Workers' Compensation and Occupational Diseas-
 es Acts for all accidental injuries allegedly
 incurred as described herein and including any
 and all results or developments, fatal or non-
 fatal, allegedly resulting from such accident-
 al injuries. Issues exist between the parties
 as to whether [Snell] has incurred injuries to
 the degree alleged and whether or not such
 injuries are compensable, and this settlement
 is made to amicably settle all issues. This
 settlement includes liability for temporary
 total compensation and all medical, surgical,
 and hospital expenses, past or future, for all
 of which [Snell] expressly assumes responsi-
 bility. All rights under  4, 8, 16, and 19
 of the Act are expressly waived by the par-
 ties. This settlement is based upon [Snell]'s
 present condition and specifically includes
 any other accident, injury, aggravation or
 onset of symptoms to the date of this settle-
 ment. This settlement is made to end all
 litigation between the parties ***."
Pursuant to the terms of the settlement, Emery paid Snell the sum
of $60,000. Despite the settlement, defendant Snell continued to
press claims before the Industrial Commission against plaintiff
Emery, and two claims arose from alleged injuries that occurred
prior to December 2, 1993 (on September 16, 1993, and April 23,
1993).
 Plaintiff brought this suit to enforce the terms of the
December 1993 contract pursuant to section 2-701 of the Code of
Civil Procedure (735 ILCS 5/2-701 (West 1994)). Under that
section, a court may issue binding declaratory judgments--which
have the force of final judgments--determining the construction of
contracts and other written instruments. Defendant moved to
dismiss the complaint, arguing (1) that a declaratory judgment
action could not be used to remove cases pending before the
Industrial Commission, and (2) that the plaintiff failed to
exhaust all administrative remedies. The trial court dismissed
the complaint, and this appeal followed.
 On appeal, plaintiff argues that the trial court erred when
it dismissed the complaint because this dispute arises from the
construction of a workers' compensation settlement contract, which
a circuit court may properly resolve in a declaratory judgment
action, citing Colvin v. Hobart Brothers, 156 Ill. 2d 166, 620
N.E.2d 375 (1993), rev'g 229 Ill. App. 3d 1018, 595 N.E.2d 195
(1992). In Colvin, the plaintiff sought a declaratory judgment
nullifying the workers' compensation settlement contract which he
had signed several years earlier; the plaintiff alleged that his
original attorney agreed to the settlement fraudulently and
without obtaining the necessary authorization. 156 Ill. 2d at
167-68, 620 N.E.2d at 376-77. The trial court granted summary
judgment to the plaintiff, remanding the case to the Industrial
Commission, and the appellate court affirmed. The supreme court
reversed and directed the trial court to enter summary judgment in
favor of the defendant. 156 Ill. 2d at 175, 620 N.E.2d at 380. 
We find that Colvin persuasively supports the proposition that a
circuit court may resolve a dispute over a workers' compensation
settlement contract by issuing declaratory relief.
 We reject the lone argument defendant raises on appeal--that
plaintiff was required to exhaust all administrative remedies
before filing its declaratory action. The supreme court has
frequently held that the exhaustion of remedies doctrine applies
only where the relevant administrative agency enjoys exclusive
jurisdiction to hear an action. Employers Mutual Cos. v. Skil-
ling, 163 Ill. 2d 284, 288, 644 N.E.2d 1163, 1166 (1994), rev'g
256 Ill. App. 3d 567, 629 N.E.2d 1145 (1994); People v. NL Indus-
tries, 152 Ill. 2d 82, 95, 604 N.E.2d 349, 354 (1992); Board of
Education of Warren Township High School District 121 v. Warren
Township High School Federation of Teachers, Local 504, 128 Ill.
2d 155, 163, 538 N.E.2d 524, 528 (1989), rev'g 162 Ill. App. 3d
676, 515 N.E.2d 1331 (1987). In Employers Mutual Cos., a workers'
compensation insurance carrier filed a declaratory judgment action
to determine its liability under an insurance policy issued to the
employer of the claimant. Employers Mutual Cos., 163 Ill. 2d at
286, 644 N.E.2d at 1164. The claimant moved to dismiss the
declaratory suit, alleging that the insurer failed to exhaust all
administrative remedies; the trial court granted the claimant's
motion, and the appellate court affirmed. Our supreme court,
however, interpreted the Workers' Compensation Act to grant the
Industrial Commission and the circuit courts concurrent jurisdic-
tion over contract matters ancillary to disputes arising under the
Act. 163 Ill. 2d at 287, 644 N.E.2d at 1165, citing People v. NL
Industries 152 Ill. 2d 82, 604 N.E.2d 349; see also Fredericks v.
Liberty Mutual Insurance Co., 255 Ill. App. 3d 1029, 1033, 627
N.E.2d 782, 786 (1994)("[The Workers' Compensation Act] does not
expressly preclude the operation of the basic tenets of contract
law where a workers' compensation claim is involved"). According-
ly, the doctrine of exhaustion of remedies did not apply to the
contract dispute at issue in Employers Mutual Cos., 163 Ill. 2d at
288, 644 N.E.2d at 1166. We find that the same reasoning defeats
defendant's argument here. 
 Furthermore, although defendant cites several cases in
support of his position, we find each case distinguishable from
the suit before us. The cases cited by defendant all involved
attempts to resolve an underlying claim in the circuit court as
opposed to the agency responsible for resolving such claims. In
contrast, plaintiff here requests only that the trial court
interpret a specific provision in a settlement contract related to
several workers' compensation claims. "This is a question of law
and, thus, a question which the circuit court, and not the [Indus-
trial] Commission, is in the best position to address." Employers
Mutual Cos., 163 Ill. 2d at 289, 644 N.E.2d at 1166. Defendant
fails to convince us that the case authority he cites, and not
Employers Mutual Cos., controls the outcome of this case.
 For the foregoing reasons, we reverse the July 30, 1996,
order of the circuit court dismissing plaintiff's complaint and
remand the matter to the circuit court for further proceedings.
 Reversed and remanded.
 BUCKLEY, J., and O'BRIEN, J., concur.