THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KATHLEEN KANE, Defendant-Appellant.

Third District    No. 3—08—1008

Opinion filed January 11, 2010.

Daniel G. O'Day (argued), of Cusack, Gilfillan & O'Day, of Peoria, for appellant.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Rita Kennedy Mertel (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCHMIDT delivered the opinion of the court:

The State charged defendant, Kathleen Kane, with violating section 15 of the Smoke Free Illinois Act (the Smoke Free Act) (410 ILCS 82/15 (West 2008)). Defendant filed a variety of motions attacking the manner in which she was prosecuted, the charging instrument, as well as the constitutionality of the Smoke Free Act. The circuit court of Will County denied those motions. Defendant was convicted following a jury trial. Defendant appeals, claiming that the Smoke Free Act is not enforceable through criminal proceedings, that the trial court erred in refusing to instruct the jury regarding the meaning of the term "bar," and that the Smoke Free Act is unconstitutional.

## BACKGROUND

Police detective Kevin O'Boyle and Cynthia Jackson from the Will County health department observed defendant smoking in Woody's

Tavern in Will County, Illinois. Detective O'Boyle issued defendant a ticket, using the Illinois citation and complaint form, accusing her of violating section 15 of the Smoke Free Act. 410 ILCS 82/15 (West 2008). Defendant filed various unsuccessful motions to dismiss the case against her, attacking the charging instrument, the constitutionality of the Smoke Free Act, the alleged search of Woody's Tavern, and her prosecution through the criminal courts. The case proceeded to jury trial; defendant was found guilty. The circuit court sentenced defendant to six months' court supervision and ordered her to pay a fine in the amount of $231.

Defendant filed a posttrial motion, arguing that the Smoke Free Act is unconstitutional, and in the alternative, if the Smoke Free Act is constitutional, then it may only be enforced through administrative proceedings and not in criminal cases initiated in the Illinois courts. Defendant's posttrial motions also claimed that the State failed to prove defendant guilty beyond a reasonable doubt and that the trial court erred in instructing the jury. Defendant's posttrial motion was denied and this appeal followed.

## ANALYSIS

Defendant argues on appeal that the State cannot prosecute violations of the Smoke Free Act through the use of criminal proceedings in the circuit courts. Specifically, defendant argues that the fines discussed in the Smoke Free Act are neither criminal nor penal, and that it was the legislature's intent to enforce the fines discussed in the Smoke Free Act through administrative proceedings. Defendant asks us to declare that the trial court did not have jurisdiction to hear this matter and, therefore, reverse her conviction and dismiss this case. The State responds by claiming the Smoke Free Act does not contain any language specifically depriving the circuit court of jurisdiction and, therefore, we must find the circuit courts have concurrent jurisdiction with the Department of Public Health to issue fines in violation of the Smoke Free Act. To support its position, the State cites *People v. NL Industries*, 152 Ill. 2d 82, 604 N.E.2d 349 (1992), and *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284, 644 N.E.2d 1163 (1994).

It is well settled that the courts of Illinois have original jurisdiction over all justiciable matters. Ill. Const. 1970, art. VI, §9. The legislature, however, may vest exclusive original jurisdiction in an administrative agency. *People v. NL Industries*, 152 Ill. 2d 82, 604 N.E.2d 349 (1992). For a legislative enactment to divest circuit courts of their original jurisdiction through a comprehensive statutory scheme, it must do so explicitly. *NL Industries*, 152 Ill. 2d at 96-97.

In *People v. NL Industries*, our supreme court held that since the Illinois Environmental Protection Act (the Environmental Act) contained no language explicitly excluding the circuit courts from hearing cases seeking cost recovery, punitive damages, civil penalties, and attorney fees pursuant to the Environmental Act, the circuit courts had concurrent jurisdiction with the Pollution Control Board to address such matters. *People v. NL Industries*, 152 Ill. 2d at 97. The *NL Industries* court held that the circuit court retained its general original jurisdiction since the defendant could not show that the legislature intended, by enacting the Environmental Act, to deprive the circuit courts of jurisdiction to entertain such matters. *People v. NL Industries*, 152 Ill. 2d at 96.

In *Employers Mutual Cos. v. Skilling*, our supreme court acknowledged the Workers' Compensation Act's pronouncement that all questions arising under the Workers' Compensation Act shall be determined by the Industrial Commission. *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d at 289. Nevertheless, the *Skilling* court, relying heavily on *NL Industries*, held that circuit courts do have jurisdiction to resolve certain disputes in workers' compensation matters. *Skilling*, 163 Ill. 2d at 289. Relying on passages from *NL Industries* and *Skilling*, the State argues that it is clear the circuit courts have concurrent jurisdiction with the Illinois Department of Public Health concerning enforcement of the Smoke Free Act. We disagree.

*Skilling* involved a declaratory judgment action filed by the insurance carrier for an employer following an employee's injury. *Skilling*, 163 Ill. 2d at 285. The employee was injured in Illinois and the carrier filed a declaratory judgment action seeking a declaration by the court that its policy only covered injuries occurring in Wisconsin. *Skilling*, 163 Ill. 2d at 285. The employee and employer sought dismissal of the declaratory judgment action, arguing that the Industrial Commission had exclusive jurisdiction over all workers' compensation matters and the carrier failed to exhaust its administrative remedies with the Industrial Commission prior to bringing the declaratory action. The trial court agreed and dismissed the suit, and the appellate court affirmed. *Skilling*, 163 Ill. 2d at 286.

The supreme court, however, found the circuit court and the Industrial Commission had concurrent jurisdiction "to hear the insurance coverage issue." *Skilling*, 163 Ill. 2d at 287. Since it "is the particular province of the courts to resolve questions of law such as the" coverage dispute between the parties, the *Skilling* court found it was proper for the circuit court to exercise jurisdiction in the matter. *Skilling*, 163 Ill. 2d at 289. The *Skilling* court cited to section 2—701 of the Code of Civil Procedure, which pertains to declaratory judgment

actions, and acknowledged a circuit court's authority to make binding declarations of rights in cases of actual controversy, including the determination of the construction of a contract and the rights of the parties thereunder. *Skilling*, 163 Ill. 2d at 289, citing 735 ILCS 5/2—701 (West 1992).

The *Skilling* court then stated that the circuit court was only asked to determine whether injuries in Illinois were included in the scope of coverage under the plaintiff's workers' compensation insurance contract with defendant's employer. This, the *Skilling* court found, presented a question of law best addressed by a court. *Skilling*, 163 Ill. 2d at 289.

While *Skilling* discusses theories of concurrent jurisdiction, it is far from being on all fours with the case at bar. *Skilling* involved a civil, and not quasi-criminal, matter in which a court was asked to declare the parties' rights and duties under a contract. That task, the *Skilling* court acknowledged, presented a "question of law." *Skilling*, 163 Ill. 2d at 290. As such, the Workers' Compensation Act's pronouncement that all questions arising under the Act shall be adjudicated by the Industrial Commission did not defeat the circuit court's authority to enter declaratory judgments pursuant to section 2—701 of the Illinois Code of Civil Procedure. *Skilling*, 163 Ill. 2d at 290.

Such principles are only marginally relevant in the case at bar. The matter before us does not involve a declaratory judgment action. Unlike the Workers' Compensation Act, there is no specific pronouncement in the Smoke Free Act that all controversies thereunder must be litigated administratively by an entity other than the circuit courts. 410 ILCS 82/1 *et seq.* (West Supp. 2007). As no explicit language is present in the Smoke Free Act divesting the circuit courts of their original jurisdiction, we find the circuit courts have jurisdiction with regard to matters discussed in the Smoke Free Act. The question we must answer, however, is: jurisdiction to do what?

Notably, section 50 of the Smoke Free Act provides that a circuit court may "enjoin violations" of the Smoke Free Act for repeated violations. 410 ILCS 82/50 (West Supp. 2007). Clearly, the circuit courts have subject matter jurisdiction regarding matters that arise under the Smoke Free Act.

Does this mean that the State, as here, can charge one with violating the Smoke Free Act in a criminal court proceeding? We think not.

Our supreme court has noted:

> "Where the legislature enacts a comprehensive statutory scheme, creating rights and duties which have no counterpart in common law or equity, the legislature has created a 'justiciable matter.'

[Citation.] Once the right is created, it is by reason of our constitution that our circuit courts acquire power to adjudge concerning that right. [Citation.] However, it is by reason of the statute that the justiciable matter exists.

The legislature may define the 'justiciable matter' in such a way as to preclude or limit the authority of the circuit court. [Citations.] When a court's power to act is controlled by statute, the court is governed by the rules of limited jurisdiction [citations] and courts exercising jurisdiction over such matters must proceed within the strictures of the statute [citation]." *In re M.M.*, 156 Ill. 2d 53, 65-66, 619 N.E.2d 702, 710 (1993).

It is clear from our review of the record that this matter did not proceed within the strictures of the statute. *In re M.M.*, 156 Ill. 2d at 66. The Smoke Free Act states as follows:

"§40. Enforcement; complaints.

(a) The Department, State-certified local public health departments, and local law enforcement agencies shall enforce the provisions of this Act and may assess fines pursuant to Section 45 of this Act.

(b) Any person may register a complaint with the Department, a State-certified local public health department, or a local law enforcement agency for a violation of this Act. The Department shall establish a telephone number that a person may call to register a complaint under this subsection (b)." 410 ILCS 82/40 (West Supp. 2007).

"§45. Violations.

(a) A person, corporation, partnership, association or other entity who violates Section 15 of this Act shall be fined pursuant to this Section. Each day that a violation occurs is a separate violation.

(b) A person who smokes in an area where smoking is prohibited under Section 15 of this Act shall be fined in an amount that is not less than $100 and not more than $250. A person who owns, operates, or otherwise controls a public place or place of employment that violates Section 15 of this Act shall be fined (i) not less than $250 for the first violation, (ii) not less than $500 for the second violation within one year after the first violation, and (iii) not less than $2,500 for each additional violation within one year after the first violation.

(c) A fine imposed under this Section shall be allocated as follows:

(1) one-half of the fine shall be distributed to the Department; and

(2) one-half of the fine shall be distributed to the enforcing agency." 410 ILCS 82/45 (West Supp. 2007).

"§75. Rules.

The Department shall adopt rules necessary for the administration of this Act." 410 ILCS 82/75 (West Supp. 2007).

Our review of the Smoke Free Act requires us to find, as defendant requests, that the State may not prosecute violations of the Smoke Free Act through criminal proceedings in the circuit courts. Reading the Smoke Free Act as a whole, it is clear that the legislature intended violations of the Smoke Free Act to be enforced administratively, not in criminal proceedings. Nowhere does the Smoke Free Act describe a violation as a criminal act. Violations are not referred to as "offenses" or "crimes." Moreover, numerous provisions of the Smoke Free Act make clear the legislature's intent that it be enforced administratively.

Section 75 of the Act mandates that the Department of Public Health, not the circuit courts, "adopt rules necessary for the administration" of the Act. 410 ILCS 82/75 (West Supp. 2007). Furthermore, section 40 of the Act plainly states that "the Department [of Public Health], State-certified local public health departments, and local law enforcement agencies shall enforce the provision of this Act and may assess fines" pursuant to it. 410 ILCS 82/40 (West Supp. 2007). The Act clearly states that "agencies shall enforce" its provision. It does not state the circuit courts shall assess fines but rather that the enforcing agencies "may assess fines." 410 ILCS 82/40 (West Supp. 2007).

Those fines, pursuant to section 45(c) of the Act, must be split evenly between the Department of Public Health (410 ILCS 82/45(c)(1) (West Supp. 2007)) and the "enforcing agency" (410 ILCS 82/45(c)(2) (West Supp. 2007)).

The legislature's repeated references to the Department of Public Health and "enforcing" agencies signifies a clear intention that the Smoke Free Act is to be enforced administratively. We come to this conclusion given the emphasis the legislature placed on enforcing agencies, its choice to identify those agencies and not the circuit courts when determining how the Smoke Free Act should be enforced, and the legislature's decision to use the term "violation" instead of the term "offenses" or "crimes." Therefore, we hold that the State may not enforce violations of the Smoke Free Act through criminal proceedings in the circuit courts and, as such, we vacate defendant's conviction.

Subsequent legislative actions and amendments to the Smoke Free Act support our conclusions that the legislature intended violations of the Smoke Free Act to be enforced administratively. Our goal when interpreting a statute is to ascertain and give effect to the intent of the legislature. *Fosler ex rel. Saxton v. Midwest Care Center II, Inc.*,

391 Ill. App. 3d 397, 911 N.E.2d 1003 (2009). The Smoke Free Act was created by the 95th General Assembly through Public Act 95—0017 and took effect January 1, 2008. 410 ILCS 82/1 *et seq.* (West Supp. 2007). Later in its term, the same General Assembly (the 95th) amended the Smoke Free Act through Public Act 95—1029.

The General Assembly found it necessary to amend the Smoke Free Act "to protect the integrity and the *original intent* of the law." (Emphasis added.) 95th Ill. Gen. Assem., House Proceedings, January 12, 2009, at 7 (statements of Representative Yarbrough). The amendments mandate that hearings be "conducted in accordance with the Illinois Administrative Procedure Act [(5 ILCS 100/1—1 (West 2008))]" (410 ILCS 82/40(d) (West 2008); see also 410 ILCS 82/40(a—2)(7), (c), (f) (West 2008)) and placed great emphasis on the role that the Department of Public Health should take in those hearings and imposing fines. 410 ILCS 82/40(d), (e), 45(d) (West 2008).

Having reversed defendant's conviction on other grounds, we need not address defendant's contentions regarding the form of the complaint or the jury instructions, and we are prohibited from considering defendant's argument that the statute is unconstitutional. *People v. Carpenter*, 228 Ill. 2d 250, 264, 888 N.E.2d 105, 114 (2008); *People v. Lee*, 214 Ill. 2d 476, 828 N.E.2d 237 (2005).

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court of Will County and vacate defendant's conviction.

Reversed.

O'BRIEN and WRIGHT, JJ., concur.