# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Country Insurance & Financial Services v. Roberts*, 2011 IL App (1st) 103402

---

| | |
|---|---|
| Appellate Court Caption | COUNTRY INSURANCE AND FINANCIAL SERVICES, Plaintiff-Appellant, v. TIMOTHY B. ROBERTS, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1–10–3402 |
| Filed | June 30, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's complaint alleging acts of fraud by defendant in connection with his workers' compensation claim was properly dismissed for lack of jurisdiction, since the complaint presented questions of fact with regard to defendant's relationships with the company where he was employed at the time of his injury and the company where he allegedly started working five months after his injury, the extent or existence of his injury, and his representations to medical personnel regarding his injury, and these questions involved matters within the scope of the Workers' Compensation Commission's special expertise; therefore, the case should be before the Commission, not the circuit court. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10–L–004387; the Hon. Brigid Mary McGrath, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal Brady, Connolly & Masuda, P.C., of Chicago (Andrew R. Makauskas and Lisa J. Vedral, of counsel), for appellant.

Steinberg, Goodman & Kalish, of Chicago (Bradley Steinberg, of counsel), for appellee.

Panel JUSTICE KARNEZIS delivered the judgment of the court, with opinion.
Justices Connors and Harris concurred in the judgment and opinion.

## OPINION

¶ 1 Plaintiff Country Insurance and Financial Services appeals from the circuit court's order dismissing its complaint for lack of jurisdiction against defendant Timothy Roberts. On appeal, Country Insurance contends that the circuit court rather than the Illinois Workers' Compensation Commission (Commission) has jurisdiction to hear its claim for fraud, which arose out of a workers' compensation claim. For the following reasons, we affirm the judgment of the circuit court.

¶ 2        Background

¶ 3 On January 16, 2007, Roberts suffered a work-related injury while in the employ of Lakes Underground. Country Insurance is the workers' compensation carrier for Lakes Underground. Between January 16, 2007 and August 10, 2007, Country Insurance paid Roberts approximately $16,000 in temporary total disability (TTD) benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2006)). Country Insurance ceased payments to Roberts when it discovered Roberts had begun employment with Exceptional Plumbing Services in June 2007.

¶ 4 Roberts filed an application for adjustment of claim pursuant to the Act as to his January 16, 2007 injury. The application is not included in the record on appeal; however, Roberts represents in his brief that his claim remains pending before the Commission.

¶ 5 Country Insurance filed a four-count complaint against Roberts alleging various acts of fraud. The counts of fraud include fraudulent misrepresentation; insurance fraud; fraud pursuant to the Act; and fraudulent concealment. Country Insurance sought to recoup its costs including the TTD benefits it had paid to Roberts as well as the medical benefits Roberts received, and the attorney fees and costs of bringing the suit against Roberts.

¶ 6 Roberts filed a motion to dismiss the complaint alleging that the Commission rather than

the circuit court had jurisdiction over the claim.[1] The circuit court granted the motion to dismiss pursuant to section 2–619 of the Code of Civil Procedure (735 ILCS 5/2–619 (West 2006)), finding "all counts thereof are dismissed with prejudice, the court lacking primary jurisdiction as to the issues therein and *** primary jurisdiction being with the Illinois [Workers' Compensation] Commission." Country Insurance appeals from the court's order.

¶ 7                                          Analysis

¶ 8     A section 2–619 motion to dismiss raises certain defects or defenses and questions whether a defendant is entitled to judgment as a matter of law. 735 ILCS 5/2–619 (West 2006). We review an order dismissing a cause pursuant to section 2–619 *de novo*. *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 99 (2004).

¶ 9     In this appeal, we must determine whether the circuit court or the Commission has jurisdiction over the claims in Country Insurance's complaint. The answer to this jurisdictional question lies in the nature of the action brought.

¶ 10    Illinois courts have original jurisdiction over all justiciable matters. Ill. Const. 1970, art. VI, § 9. However, section 18 of the Act also provides: "[a]ll questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." 820 ILCS 305/18 (West 2006). Our supreme court has determined that under certain circumstances, both the Commission and the circuit court have concurrent jurisdiction to decide a question raised in a workers' compensation case. *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284, 288 (1994).

¶ 11    We find the cases of *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284 (1994), and *Hollywood Trucking, Inc. v. Watters*, 385 Ill. App. 3d 237 (2008), instructive.

¶ 12    In *Skilling*, the workers' compensation insurer filed a complaint for declaratory judgment in the circuit court against the defendants seeking a determination of its rights. Our supreme court found that because the case concerned insurance coverage, which presented a question of law, the case was properly before the circuit court rather than the Commission. The court stated:

> "It is the particular province of the courts to resolve questions of law such as the one presented in the instant declaratory judgment case. Administrative agencies are given wide latitude in resolving factual issues but not in resolving matters of law." *Skilling*, 163 Ill. 2d at 289.

The court further stated that "a matter should be referred to an administrative agency when it has a specialized or technical expertise that would help resolve the controversy, or when there is a need for uniform administrative standards." *Skilling*, 163 Ill. 2d at 288-89.

¶ 13    In *Hollywood Trucking*, the employer filed a complaint in the circuit court against its employee alleging that the employee fraudulently misrepresented his medical history during a medical examination. The employer alleged that had it been aware of the employee's

---

[1]The motion to dismiss failed to specify whether it was brought pursuant to section 2–615 or 2–619 of the Code of Civil Procedure (735 ILCS 5/2–615, 2–619 (West 2006)).

medical history, it would not have hired him and would not have subsequently become liable to provide him workers' compensation benefits when he was injured. The circuit court dismissed the fraud count for lack of jurisdiction. This court on appeal affirmed the dismissal, finding that the allegations of fraud against the employee concerned the types of factual issues, such as the circumstances of the accident, the nature and extent of the injury and the employer's potential defenses, which should be determined by the Commission rather than the circuit court. *Hollywood Trucking, Inc.*, 385 Ill. App. 3d at 245.

¶ 14     Here, Country Insurance's complaint seeks to recoup the benefits it paid to Roberts under the Act as well as the medical benefits, attorney fees and the costs of bringing the suit. Because Roberts' application for adjustment of claim remains pending before the Commission, the Commission has not yet made any findings or rulings as to whether Roberts was entitled to receive any benefits under the Act. The complaint, premised on various theories of fraud, presents questions of fact such as the nature of Roberts' employment relationship with Lakes Underground and Exceptional Plumbing Services, the extent or existence of his injury and his representations to medical personnel regarding his injury. As in *Hollywood Trucking*, these are questions of fact in which the Commission can draw on its special expertise to answer. Country Insurance's complaint does not present a question of law as in *Skilling*. As such, the cause should be before the Commission rather than the circuit court. The circuit court properly dismissed Country Insurance's complaint for lack of jurisdiction.

¶ 15     Accordingly, we affirm the judgment of the circuit court.

¶ 16     Affirmed.